OPINION — AG — (1) A SCHOOL BOARD CANNOT LAWFULLY EMPLOY A PERSON WHO IS RELATED TO A MEMBER OF THE SCHOOL BOARD WITHIN THE THIRD DEGREE AS A COOK ON A SCHOOL LUNCH PROGRAM OF THE DISTRICT WHERE SUCH PERSON IS TO BE PAID A SALARY FROM FUNDS COMPOSED OF MONEY THE DISTRICT CHARGES AND COLLECTS FROM SCHOOL CHILDREN FOR LUNCHES AND MONEY THE DISTRICT RECEIVES FROM THE FEDERAL GOVERNMENT AS REIMBURSEMENT FOR EXPENDITURES MADE IN CONNECTION WITH SUCH PROGRAM. (NEPOTISM) (2) SINCE A SALE OF GROCERIES " TO THE SCHOOL LUNCH PROGRAM " CONDUCTED BY A SCHOOL DISTRICT WOULD OF NECESSITY REQUIRE A SALE TO THE SCHOOL DISTRICT, THE AG IS OF THE OPINION THAT GROCERIES FOR USE IN THE SCHOOL LUNCH PROGRAM CONDUCTED BY A SCHOOL DISTRICT OF THIS STATE MAY NOT BE PURCHASED FROM A MEMBER OF THE BOARD OF EDUCATION OF SAID SCHOOL DISTRICT, AND THIS IS SO NOTWITHSTANDING THE FACT THAT THE GROCERIES ARE PAID FOR BY MONIES COLLECTED FROM STUDENTS FOR LUNCHES AND MONIES RECEIVED BY THE FEDERAL GOVERNMENT. (CONFLICT OF INTEREST) CITE: 21 O.S.H. 481, 21 O.S.H. 482, 62 O.S.H. 371, 70 O.S.H. 4-29 (THIS OPINION DEALS WITH AN AUNT AND HER NEPHEW AND THAT THEY ARE RELATED IN THE THIRD DEGREE (84 O.S.H. 218, 84 O.S.H. 221), OPINION NO. APRIL 21, 1948 — HODGE, OPINION NO. MAY 10, 1952 — RUSSELL (RICHARD HUFF)